IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS D. McCRACKEN,

    Plaintiff,                      No. CIV S-03-1047 FCD DAD P

    vs.

M. SMELOSKY, et al.,

    Defendants.                 <u>ORDER</u>

_____/

        Plaintiff failed to file and serve his pretrial statement on or before the September 9, 2005 deadline. By order filed September 20, 2005, the court required plaintiff to file a declaration regarding the date on which he delivered his pretrial statement to prison authorities for mailing and, if the pretrial statement had not been mailed previously, to file and serve his pretrial statement along with his declaration showing cause for the failure to file a timely pretrial statement. On September 26, 2005, the court received a response and a pretrial statement.

        In his response, plaintiff apologizes for his failure to comply with the scheduling order, refers to his pro se status and health issues, cites institutional causes for delay, and characterizes his failure as unintentional. Plaintiff asserts that "upon the filing of this response the court should have already received plaintiff's pretrial statement." Plaintiff concludes with a

/////

1

request for a court order concerning telephone use.[1] The proof of service attached to plaintiff's responsive declaration indicates that plaintiff personally placed the document in the U.S. mail in a postage-paid envelope on September 21, 2005.

Plaintiff's declaration is completely silent on the very point he was directed to address, i.e., the date on which his pretrial statement was placed in the mail to the court and defendants' counsel. The pretrial statement received for filing on September 26, 2005, includes a proof of service in which plaintiff declares under penalty of perjury that he served his pretrial statement by placing copies in the mail on August 18, 2005. In light of the declaration filed by defendants on September 19, 2005, and the fact that the court did not receive plaintiff's pretrial statement until September 26, 2005, plaintiff's declaration that he served the pretrial statement on August 18, 2005, does not appear to be true. It is also unclear whether plaintiff delivered his pretrial statement to prison authorities for mailing or whether he mailed the pretrial statement to persons outside the prison for copying and mailing. Due to plaintiff's failure to provide the necessary information and an accurate proof of service, the court will set an October 14, 2005 deadline for the filing of defendants' pretrial statement.

The court admonishes plaintiff that he is required to comply with court orders, deadlines, and service requirements. See Local Rule 83-183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."). Plaintiff's pro se status and incarceration were taken into consideration in the setting of dates in this case. The deadline for plaintiff's pretrial statement was established on October 19, 2004. The parties were permitted to conduct discovery through February 25, 2005. All non-discovery pretrial motions were to be filed no later than April 22, 2005. After the April 22, 2005 deadline passed without the filing of a dispositive motion,

---

[1] Plaintiff's improper request for a court order will be disregarded. Any request for a court order must be made in a formal motion supported by a memorandum of points and authorities and supporting evidence.

2

plaintiff had more than four months to prepare his pretrial statement, obtain sufficient copies, and place them in the mail to the court and defendants' counsel in a timely manner. Limited access to the prison law library, delays in photocopying, and lockdown periods are common in prison and cannot have taken plaintiff by surprise. Plaintiff must anticipate these conditions in preparing subsequent documents for filing.

With regard to service of documents, plaintiff is cautioned that the mailbox rule for prisoner filings is applicable only to documents delivered to prison authorities for mailing in accordance with the institution's system for logging and processing legal mail. Documents so delivered are deemed filed on the date of delivery to a prison official. In order to benefit from the mailbox rule with regard to his pretrial statement, plaintiff was required to deliver his pretrial statement to a prison official for mailing on or before September 9, 2005. If plaintiff chooses to use any other system, whether by personally placing his documents in a U.S. mailbox or by mailing his documents to persons outside the prison for mailing, his documents must be sent so that they are received by the court for filing on or before the deadline.

Plaintiff is advised that a proof of service must contain accurate information concerning when, how, and by whom the document was placed in the mail to the court. Failure to file an accurate proof of service prevents the court from determining whether a filing is timely and also interferes with defendants' ability to determine when their response, if any, is due. All future proofs of service must be accurate and complete.

The court further admonishes plaintiff to read orders and rules carefully. It is evident that his failure to do so contributed to his delay in filing a pretrial statement. The scheduling order required plaintiff to file a pretrial statement that addresses all matters contained in Local Rule 16-281(b). Paragraph (11) of the rule requires parties to provide "[a] list of documents or other exhibits that the party expects to offer at trial." Local Rule 16-281(b)(11) (emphasis added). Neither the rule nor the scheduling order directs the parties to submit copies of proposed exhibits. The voluminous pretrial statement filed by plaintiff consists of an eleven-

page pretrial statement and 250 pages of exhibits that should not have been filed and should not have been served on defendants.[2]

Plaintiff is advised that a pretrial order will be issued on or soon after October 21, 2005. The order will set numerous deadlines. First, the parties will be granted fifteen days to file objections to the pretrial order. The fifteen-day period will not be extended. If plaintiff submits his objections to prison officials for mailing, he must deliver the objections to a prison official on or before the fifteenth day, plus three for mailing, after the order is filed. If plaintiff does not use this method of filing and serving objections, his objections must be mailed to the court so that they are received by the Clerk of the Court for filing no later than the eighteenth day after the order is filed. Untimely objections will not be considered. In addition, the pretrial order will set a deadline for the parties to mark their exhibits and exchange copies with each other. The pretrial order will set deadlines for filing (1) objections to the other party's exhibits, (2) trial briefs, (3) proposed jury voir dire questions, (4) proposed jury instructions, and (5) motions in limine. All documents must be submitted timely.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's September 20, 2005 order to show cause is discharged; and

2. Defendants' pretrial statement shall be filed and served on or before October 14, 2005.

DATED: October 3, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mccr1047.oscresp

---

[2] Plaintiff's proof of service indicates that he served copies of his pretrial statement on three attorneys who have appeared for defendants. Thus, plaintiff delayed the filing of his eleven-page pretrial statement in order to obtain 1000 pages of unnecessary copies. In future, plaintiff shall serve documents only on Deputy Attorney General Maria G. Chan, unless defendants file a notice that some other attorney should be served in her place.

4